UNITED STATES *v.* KIMBALL DENTAL MANUFACTURING CO.
(No. 3291)[1]

---

[1] T. D. 44502.

United States Court of Customs and Patents Appeals, December 19, 1930

*Charles D. Lawrence*, Assistant Attorney General (*James R. Ryan*, special attorney, of counsel), for the United States.
*David D. Stansbury* for appellee.

[Oral argument October 17, 1930, by Mr. Lawrence and Mr. Stansbury]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The appellee imported three shipments of dental burs at the port of Chicago. These were in each case classified by the collector as dental instruments under paragraph 359 of the Tariff Act of 1922, and were claimed in each instance, by the importer, to be properly classifiable as parts of "all other machines" under paragraph 372 of said act. The United States Customs Court sustained the protests and the Government brings the case here, the issues having been consolidated on the three protests.

The material portions of the law involved are as follows:

PAR. 359. * * * dental instruments, and parts thereof, composed wholly or in part of iron, steel, copper, brass, nickel, aluminum, or other metal, finished or unfinished, 35 per centum ad valorem: * * *

PAR. 372. * * * all other machines or parts thereof, finished or unfinished, not specially provided for, 30 per centum ad valorem: * * *

The testimony in the record shows that the imported burs are used by dentists only, in conjunction with an electrically-motivated engine or device. Attached to this device is a hand piece containing a chuck at one end, into which is fitted, when needed by the dentist, one of these burs, or a brush, or stone for grinding. The hand piece is connected to the engine or device by means of a flexible cord, through which the power is transmitted to the bur or other attachment being used. The imported burs are thus used by dentists in cutting away portions of the teeth, natural or artificial, of their patients, and for no other purpose. They are not capable of being used apart from the engine, and speedily wear out when used.

The Government claims the collector was right in classifying these as dental instruments and contends that not only are the burs dental instruments in themselves, but that the entire electric device or engine is also a dental instrument. On the other hand, the importer insists that the burs themselves, being incapable of use by themselves,

can not be considered as complete dental instruments, but are only parts; that the entire electric engine is not a dental instrument, but a machine, and that, therefore, the imported burs are not parts of dental instruments, but parts of machines not specifically enumerated, and therefore parts of "all other machines."

The court below based its conclusion upon its decision in Abstract 9600, 56 Treas. Dec. 797. That decision was, in turn, based upon the supposed authority of *Landay* v. *United States*, 5 Ct. Cust. Appls. 498, T. D. 35151, and upon Abstract 5662, 53 Treas. Dec. 960, and Abstract 5775, 53 Treas. Dec. 978. In each of the three abstract decisions above cited, it was held by the Customs Court that a differentiation should be made between dental machines and dental instruments, and it was held that inasmuch as the importations in question were not of use except in connection with a dental machine, they were not, and should not be, classified as dental instruments. The *Landay* case is hereinafter more particularly referred to.

Our attention is called by counsel for appellee to the following cases, which it is claimed support his view that the burs before us here are not instruments but parts of machines: *Landay Bros.* v. *United States, supra; Decorated Metal Co.* v. *United States*, 12 Ct. Cust. Appls. 140, T. D. 40061; *Schweitzer* v. *United States*, 16 Ct. Cust. Appls. 285, T. D. 42872. In the first case cited phonograph needles were held to be parts of phonographs and not manufactures of wire. In the second case typewriter ribbon spools were held to be parts of typewriters and not manufactures of iron. In the last case cited certain felt belts were held to be parts of paper-making machines, and not manufactures of wool. There is no disposition on our part to review anything that was said in the cases just cited. They state the law properly as we understand it. However, they are hardly applicable here.

In paragraph 359 the Congress, for the first time, provided a special classification for dental instruments. Naturally, it would occur to anyone that this provision was intended to apply to the tools which the dentist uses in his operative work, and which are exclusively used by that profession. Yet, if the judgment of the court below shall be sustained, these dental burs, which all agree are more extensively employed than any other tool which the dentist uses, are to be taken from the dental-instrument paragraph and placed in the category of unenumerated machine parts. Not only is this true, but the devices with which they are used are also to be classed as unenumerated machines. This would leave for classification in this paragraph, therefore, nothing but hand-operated tools complete in themselves.

The word "instrument" is thus defined:

Webster's New International Dictionary, 1925—

instrument, *n.* 2. A material thing or mechanical device for performing work or producing an effect; tool; utensil; implement; as, a mechanic's *instruments;* astronomical *instruments.*

Funk & Wagnalls' Standard Dictionary, 1925—

instrument, *n.* 1. A means by which work is done; an implement or tool, especially an implement or mechanism for scientific or professional purposes, as distinguished from a device, tool, or machine for industrial use; figuratively, any means of accomplishment; as, the hands are *instruments* of the will.

There is nothing in these definitions which prevents the classification of these burs as dental instruments. The fact that they can not be used except with a hand piece and motive power does not exclude them from such classification. It is within the judicial knowledge that dental burs were originally used by hand. That the progress of the art has adapted them to use with electric or other power renders them no less dental instruments. Let us assume that the dentist, instead of inserting one of these burs in the power chuck, puts it into a handle and uses it that way. Does the mere presence or necessity of a handle take it from the classification of a dental instrument? A carpenter buys bits and drills and uses them in a brace; he buys files and rasps and, to use them, fits them in handles. Are they any the less carpenters' tools? So here, the dental burs are dental instruments in the common knowledge of everyone, and although they are adapted to be used in a dental engine, the plain intent of the statute seems to be that they be so classified. To do otherwise would be a manifest perversion of the statutory intent.

Even were we to assume that the imported articles are parts only, the court is of the opinion that the devices or engines with which these burs are used may also properly be considered as dental instruments. Taken as a whole, including the method by which electric power is utilized, the flexible arm, the hand piece, the clutch, and the bur, brush, or stone, they constitute tools with which dentists perform their difficult and useful work. They answer, therefore, to every requirement of the definition of the word "instrument," as given by the lexicographers, and certainly are within the plain intent of the lawmakers. The distinction between dental engines and hand-operated dental tools is one which was not made by the Congress, and no reason is apparent why we should judicially make it.

In saying what we have said, we have in mind that there may be, and probably are, articles used by the dentist in the practice of his profession which would not properly respond to the definition of instruments.

The judgment of the court below is *reversed.*

GARRETT, J., dissents.